Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Dale R. Turner,
on behalf of himself and all others
similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

| | |
|---|---|
| DALE R. TURNER, on behalf of himself and all others similarly situated | Civil Action No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| MCCARTHY, BURGESS & WOLFF, INC. | |
| Defendant. | |

-------------------------------------------------------X

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by McCarthy, Burgess & Wolff, Inc. ("MB&W" or "Defendant") in connection with their attempts to collect alleged debts from himself and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or

1

unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." <u>Glover v. FDIC</u>, 698 F.3d 139 (3d. Cir. 2012) (citing <u>Allen ex rel. Martin v. LaSalle Bank, N.A</u>., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
   a. The acts giving rise to this lawsuit occurred within this District; and
   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Dale R. Turner is an individual natural person who at all relevant times resided in the City of Newark, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, McCarthy, Burgess & Wolff, Inc. is a corporation with its principal place of business located at 26000 Cannon Road Cleveland, OH 44146.

10. The principal purpose of MB&W is the collection of debts using the mail and telephone.

11. MB&W regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. MB&W is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. Sometime prior to October 1, 2019, Plaintiff allegedly incurred a debt to Citibank, N.A. ("Citibank") related to a Wawa Inc. credit card with an account number ending in 1909 (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Citibank.

15. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

16. Plaintiff's credit card account that was issued by Citibank was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal credit card account Debt to Citibank is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

19. The Debt went into default because of non-payment.

20. At a time known only to Defendant, Plaintiff's Debt was referred to MB&W by Citibank for collection.

21. The Debt was never assigned to MB&W.

22. MB&W was never transferred, sold, or assigned any interest or rights with regard to the Debt.

23. MB&W is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

24. MB&W contends that the Debt is in default.

25. MB&W contends that the Debt is past-due.

26. The Debt was in default at the time the Debt was referred to MB&W for collection.

27. The Debt was past-due at the time the Debt was referred to MB&W for collection.

28. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

29. On or about October 14, 2019, MB&W mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as Exhibit A is a copy of the Letter dated October 14, 2019 that MB&W mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

30. MB&W mailed the Letter as a part of their efforts to collect the Debt.

31. Plaintiff received the Letter in the mail.

32. Plaintiff read the Letter upon receipt of the Letter in the mail.

33. The Letter was sent in connection with the collection of the Debt.

34. The Letter seeks to collect the Debt.

35. The Letter conveyed information regarding the Debt including the New Balance, MB&W reference number and a request for payment.

36. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. The Letter attached as Exhibit A is the first written communication Plaintiff received from Defendant.

38. The Letter attached as Exhibit A is the first written communication Defendant sent to Plaintiff regarding the Debt.

39. The Letter attached as <u>Exhibit A</u> represents MB&W's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

40. The Letter states in relevant part:

    New Balance: $642.70

41. The Letter contained a payment coupon for Plaintiff to return with payment towards the Debt that did not list the "New Balance" of $642.70, but rather only included the Minimum payment due of $275.57.

42. The Letter does not disclose or otherwise state in any way that the total amount of the Debt ($642.70) may increase because of interest, late charges, and/or other fees.

43. Interest was accruing on the Debt.

44. Late charges and/or other fees were accruing on the Debt.

45. Upon information and belief, as of the date of this Complaint, the current amount of the Debt is $800.99.

46. The increase in the amount of the Debt from $642.70 on October 14, 2019 (the date of the Letter) to $800.99 (the date of this Complaint), was because of interest, late charges, and/or other fees that had accumulated and were added to the total balance of Debt after MB&W mailed the Letter to Plaintiff.

47. The Letter did not state that MB&W would accept payment of $642.70 in full satisfaction of the Debt if payment of $642.70 was made by a specified date.

48. Plaintiff, as would any least sophisticated consumer, incorrectly believed from reading the Letter that the amount of the Debt was static and that his payment of the $642.70 amount listed on the top portion of the Letter would satisfy the Debt irrespective of when the payment was remitted.

49. The Letter states in the top right portion:

    Minimum Payment Due: $275.57

    Due Date: 11/2/2019

50. The Letter does not disclose, explain, or otherwise state that this "Due Date" of November 2, 2019 to make the minimum payment of $275.57 (the same amount listed in the payment coupon at the bottom of the Letter), which date is less than 30 days from the date of the Letter, does not affect the Plaintiff's right to dispute the Debt or request verification of the Debt.

51. MB&W collection practice is a high-volume practice.

52. MB&W's debt collection practice is largely automated and utilizes standardized form letters.

53. Documents in the form represented by <u>Exhibit A</u> are regularly sent by MB&W to collect debts

54. <u>Exhibit A</u> is a standardized form letter.

55. <u>Exhibit A</u> is a computer-generated form letter.

56. MB&W mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New Jersey consumers from whom MB&W attempted to collect a consumer debt.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. In sending the Letter attached as <u>Exhibit A</u>, MB&W violated 15 U.S.C. §§1692, 1692e(2)(A), 1692(e)(10), 1692g(a)(1), and 1692g(b).

59. 15 U.S.C. §1692e provides:

   **§1692e.     False or Misleading Representations**

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (2) The false representation of --

   (A) the character, amount, or legal status of any debt;

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

60. 15 USC §1692g provides:

   **§1692g     Validation of debts**

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

   (1) the amount of the debt

   **(b) Disputed debts**

   If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

61. Courts in this District and others, as well as Circuit Courts, have recognized that when a debt is accruing interest and/or other fees, an initial communication validation notice, like the Letter attached as Exhibit A, violates § 1692e of the FDCPA unless it states the total amount due as of the date the letter is sent **and** discloses that the amount of the debt may increase because of interest or fees accruing on the unpaid principal. *See, e.g*. Marucci v. Cawley & Bergmann, LLP, 2014 WL 7140496 (D.N.J. Dec. 15, 2014); Smith v. Lyons, Doughty & Veldhuius, P.C., 2008 WL 2885887 (D.N.J. July 23, 2008); Avila v. Riexinger & Associates, LLC, 817 F. 3d 72 (2d. Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")
62. MB&W violated 15 U.S.C. § 1692e(2)(A) because the Letter made a false representation as to the amount of the Debt, misrepresented its character (as fixed), and misrepresented its legal status (not disclosing that it was continuing to accrue interest and other fees).
63. MB&W violated 15 U.S.C. § 1692e(10) by failing to disclose in the Letter that the amount of the Debt may increase because of interest and/or fees, and as such, MB&W used a false and misleading representation in connection with the collection of the Debt.

64. MB&W violated § 1692e(2)(A) and § 1692e(10) and by asserting flatly in the Letter, which was the notice required by § 1692g, that the amount of the Debt was a sum certain and failing to inform Plaintiff that the amount of the Debt would increase because of the interest and/or fees that were still accumulating on the Debt. This assertion was untrue, and known by MB&W to be untrue, because MB&W was hired to collect a debt from Plaintiff on behalf of Citibank that MB&W knew was accruing interest and/or fees, and would continue to accrue interest and/or other fees after they mailed the Letter to Plaintiff.

65. The false representation of the amount of the Debt and/or it's character and legal status is material because it impeded Plaintiff's ability to respond by making him think that payment of the "New Balance" of the Debt listed in the Letter would satisfy the Debt regardless of when it was paid.

66. MB&W violated § 1692g(a)(1) by asserting flatly in the Letter, which was the notice required by § 1692g, that the Debt owed was a sum certain and by failing to inform Plaintiff that the amount of his Debt would increase because of interest and/or fees. *See,* Marucci v. Cawley & Bergmann, LLP, 2014 WL 7140496 (D.N.J. Dec. 15, 2014).

67. MB&W violated 15 U.S.C. § 1692g(a) by failing to disclose in the Letter, or within five days thereafter, the correct amount of the Debt as required by 15 U.S.C. § 1692g(a)(1). MB&W failed to disclose in the Letter the total amount of the Debt allegedly due, and failed to disclosed in the Letter that the Debt would increase because of interest and/or fees.

68. MB&W violated 15 U.S.C. § 1692g(b) because the Letter contained a "due date" of November 2, 2019 to make the minimum payment of $275.57. November 2, 2019 is

fewer than thirty (30) days from the date of the Letter (October 14, 2019). The Letter does not contain any statement that the request for the minimum payment of $275.57 by November 2, 2019 does not affect Plaintiff's right to dispute the Debt. The Letter overshadows the validation notice by setting a due date for payment within 30 days of the Letter without disclosing that that "due date" does not affect Plaintiff's right to dispute the Debt or request verification of the Debt within thirty (30) days of his receipt of the Letter.

69. Plaintiff has alleged a particularized injury because the Letter was mailed and directed to him.

70. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

71. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

72. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

73. This action is brought as a class action on behalf of two classes. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

74. Class A is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from MB&W in a form materially identical or substantially similar to the Letter

attached as Exhibit A to the Complaint (d) which letters were not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) regarding an alleged debt owed to Citibank (g) where the debt referenced in the letter accrued interest, late charges and/or other fees after MB&W sent the letter to the individual.

75. Class B is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from MB&W in a form materially identical or substantially similar to the letter attached as Exhibit A to the Complaint (d) which letters were not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) regarding an alleged debt owed to Citibank (g) where the letter contained a "due date" that was within thirty (30) days of the date of the letter.

76. The class definitions above may be subsequently modified or refined in an amended complaint or in any motion for class certification.

77. The proposed classes specifically exclude the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

78. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the classes defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on

the fact that the Complaint involves a form collection letter, there are at least 40 members of each class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the classes they seek to represent. The claims of the Plaintiff and the members of the classes originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes. Plaintiff asserts

identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of

their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the classes and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the classes previously set forth and defined above.
2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g.
3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. § 1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
September 25, 2020

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com